## AS TO THE REVESTING OF TITLE UPON ABANDONMENT OF THE SPECIFIED USE OF THE PROPERTY.

Common Pleas Court of Licking County.

FRANK BOYER ET AL V. ALMEDA MILLER ET AL.

Decided, January Term, 1918.

*Title—Does Not Revest—Where the Purpose for which Conveyance was Made is Abandoned—No Forfeiture Clause having been Incorporated in the Deed—Consideration Other than that Expressed.*

Land conveyed in consideration of one cent to a school board, to have and to hold "in trust for the sole and only use of said district for school purposes and no other" does not revest in the original grantor or his heirs upon abandonment of the use so specified, unless the deed contains a forfeiture clause so providing.

*Phil. B. Smythe,* for plaintiffs.
*Norpell & Norpell,* contra.

FULTON, J. (orally).

This is an action which has been submitted to the court upon the pleadings and the evidence. It is a suit begun by the plaintiffs for the purpose of quieting title to a certain piece of land. The plaintiffs are, Frank Boyer, Somerfield Parker, Bert Eswine, Willis Showers and Harry Parkinson, as the board of education of Etna rural school district, Licking county, Ohio. The petition alleges that the plaintiffs are the owners in fee simple by deed from Lyman Turrel, executed and delivered on the 5th day of March, 1835, of the following described real estate situate in the state of Ohio and in the county of Licking, township of Etna, bounded and described as follows:

Being all that certain lot of land known as inlot No. 8, in the town of Etna, in Licking county, state of Ohio, reference being had to the plat of said town recorder's office of said county.

Defendants claim an estate or interest therein adverse to the plaintiffs' right; being a claim in remainder.

The plaintiffs are in the actual possession of said real estate, and have been in the actual and exclusive possession thereof since the said year, 1835. Wherefore they pray that the title to said real estate be quieted against said defendants, and that plaintiffs' title be decreed to be in fee simple, and that defendants' claim be adjudged null and void, and for such other relief as is proper.

To the petition has been filed an answer and cross-petition. It is as follows:

Now come the said defendants and for answer herein say: that they admit that said plaintiffs are in the possession of said real estate, and that said defendants claim an interest therein adverse to plaintiffs. And said defendants deny each and every other allegation in said petition contained.

And further answering said defendants say, that one Lyman Turrel, together with his wife, on the 5th day of March, 1835, in consideration of one cent, to him paid by the school directors of district number two, Etna township, Licking county, Ohio, conveyed said inlot No. 8 in the village of Etna, Licking county, Ohio, to said directors "their successors after successors in office," to have and to hold "in trust for the sole and only use of said district for school district purposes, and no other"; that said premises have been abandoned for school purposes and are no longer used for such purpose or purposes; that said Lyman Turrel departed this life April, 1836; that said defendants are the next of kin and only heirs at law of said Lyman Turrel and that they are now the owners in fee simple of the same; that said plaintiffs are claiming to be the owners in fee simple of said premises, denying the right of said defendants in and to said premises. Wherefore said defendants ask that their title to said premises be quieted against said plaintiffs, and that said defendants' title be decreed to be in fee simple, and the claim of said plaintiffs be adjudged to be null and void and for all other relief to which the defendants are entited either in law or equity.

To that the plaintiffs have filed their reply in which they deny each and every allegation contained in the defendants'

answer and cross-petition inconsistent with the allegations of plaintiffs petition, and pray judgment as in their petition asked.

Now, here are two sets of people claiming the title to this property in fee simple. The board of education of Etna township claim that it is the owner of this land in fee simple, and the descendants of Lyman Turrel claim they are the owners of this land in fee simple.

I am going to read the deed which was made by Lyman Turrel, It is as follows:

This indenture made this 5th day of March, in the year of our Lord one thousand eight hundred and thirty-five, between Lyman Turrel of the county of Fairfield and state of Ohio of the first part, and Gaylor Uschenshaw, Gilius Bowduct and Ambrose Meeker, directors of school district No. 2 in Etna township, Licking county, and state of Ohio, and their successors in office of the second part, witnesseth: That the said party of the first part for and in consideration of the sum of one cent, to him in hand paid, the receipt whereof is hereby acknowledged hath given, granted, bargained, sold and do hereby give, grant, bargain, sell, transfer and convey unto the said party of the second part all that certain lot of land known by being inlot No. 8 in the town of Etna, in Licking county, state of Ohio, reference being had to the plat of said town in the recorder's office of said county, to have and to hold said lot of land hereby conveyed in trust for the sole and only use of said district for school district purpose and no other, and the said party of the first part for himself, his heirs, executors and assigns against all other person or persons lawfully claiming any part or the whole of the before-mentioned lot of land do and will warrant and defend by these presents. In testimony whereof the said party of the first has by Harmon Turrel, his attorney, legally authorized, hereunto set his hand and seal the date first written.

That is the conveyance that was made of this property to the board of education of Etna township. The petition claims that the board of education of Etna township is the owner in fee simple of these premises, and the petitioner claims that it

is the owner by virtue of the deed that I have read, and the defendants claim title to these premises adverse to the school district or board of education of Etna township, and they ask that that title be quieted, and that plaintiffs' title be decreed to be in fee simple, and that the defendants' claim be adjudged to be null and void and for any other relief that they may be entitled to receive.

The answer and cross-petition claims that the defendants are the owners of this property. They claim that the board of education has abandoned this property, and because they have ceased to use it for school purposes the title reverts to them and that they are now the owners of this property, and they ask the court to quiet the title in them.

This is almost strictly a legal question. There is hardly any controversy between the parties, if there is any at all, as to the facts in the case. There may be a question as to whether or not the board of education of Etna township has entirely abandoned this lot. There may be some question about that. I think the testimony shows that they still have a flag pole on the lot and that the children play on the lot; that they use it as a play ground; that the children play there; but that does not enter into the court's decision of the matter at all.

The court has been cited to two Ohio cases, and I think they are decisive of the matter. The first is in the 58th Ohio State, beginning at page 67, *Village of Ashland* v. *Greiner et al.* I will read a part of the opinion, which is by Judge Burkett. There had been a conveyance to the village of Ashland for certain purposes. Judge Burkett says:

"The deed of conveyance in question was for the consideration of twenty dollars, the fair value of the half acre at the time of the making and delivery of the deed. The legal effect of a deed, upon such consideration, is different from that of a deed where there is no consideration, other than the purposes for which the conveyance was made. In the one case the grantee acquires the estate for value paid therefor; and in the other it comes to him without price, and in both there may be a stipulation that the estate is to be used only for particular purposes.

"When value is paid for the estate, such stipulation is construed to be a covenant running with the land, in the nature of a trust, for the uses and purposes expressed in the deed of conveyance, and in case of a breach of the trust, a court of equity will, in a proper action, decree the performance of the trust by confining the uses of the estate to the uses and purposes expressed in the deed.

"In such cases the restricted use of the estate becomes a part of the consideration, and is consented to by the grantee, and it is no hardship on him and his assigns to be compelled to observe the covenants contained in the deed.  But in such cases a breach of the covenant restricting the uses and purposes to which the estate is to be devoted, does not have the legal effect to forfeit the estate and reinvest the title in the grantor, his heirs or assigns.

"Whether a stipulation in a deed of gift, or in a will, restricting the uses to which the estate is to be devoted, is only a covenant, or, is a condition subsequent, is not involved in this case, and is not here decided.

"It is clear that the deed in question conveyed away all the title to the premises in the grantors, and that the grantees received all such title, (which was the fee) for the uses and purposes expressed in the deed; and as there are no words of forfeiture or re-entry in the deed, no title whatever vested in the heirs of the grantor, upon breach of the covenant as to the uses and purposes to which the estate was to be devoted."

I am also cited to a case in the 85th Ohio State.  It is entitled *The Cleveland Terminal & Valley Railroad Company et al* v. *The State, ex rel.*  It begins on page 251.  The facts in this case are that the state of Ohio conveyed certain lands to the railroad company and the railroad company afterwards changed the use of the lands and used them for other purposes than the purposes which were expressed in the deed which was made by the state to the railroad company; and because of that, they brought an action to get this land back, claiming that the parties were not using the land for the purposes for which the deed was made, and that for that reason it reverted to the state and they had the right to bring an action and claim the land.

I will read the part of the decision which I think bears upon this case from page 296:

"This question of jurisdiction does not so much concern ultimate rights of the parties as it does methods of procedure. The right of suitors respecting the subject-matter in dispute will be determined by applying to the facts, when ascertained, the same principles and rules of law, whether the action was commenced in this court in quo warranto or in the court of common pleas by a real action.

"A consequence which follows the application of this doctrine to the present case is that the state must fail in its action for want of a provision in the act and a stipulation in the deed for the revesting of title in the state, if the property should be used for a forbidden purpose. The theory upon which the suit is prosecuted is that the designation for purposes for streets, etc., in the act providing for the grant to the city of Cleveland and carried into the terms of the Governor's deed, operated as limitation upon the rights of the city, and its assigns, to use the premises for other purposes, and that the devotion of the property to the uses contemplated by the lease of the city to the railway company operated as a perversion. But the state in its proprietary capacity is amenable—if we assume that there was a departure from the designated use—to the rule well established in this state that, however it may be with respect to deeds of gift, where deeds rest upon a valuable consideration, and a statement of inducements or purpose with respect to the use of property granted is disregarded, title will not revest in the grantor unless it be in pursuance of a stipulation in the grant that it shall revest."

Now, what are the facts in this case? I have read to you the deed that was made by Lyman Turrel to the board of education of Etna township. There is not a word in that deed anywhere that the title shall revert back to Lyman Turrel or his heirs or assigns in case the property be used for other purposes than that described in the deed. It is true that this deed which was made by Lyman Turrel does say that this property shall be used for school purposes, and for no other. That is true. That is in the deed, and that is a part of the deed. It is claimed by the defendants that those words in the deed cause the property to revert to them whenever the property is used for purposes other than those expressed in the deed. But according to these two decisions which I have read here—and both of them are Ohio decisions—

that is not so, unless there is an express provision in the deed that when this property is used for purposes other than those which are expressed in the deed it shall revert to the grantor or his heirs or assigns; that it can not revert unless that provision is in the deed. There must be something in the deed—a forfeiture clause or some other clause which substantially says that whenever this property is used for purposes other than those designated in the deed, it shall revert to the grantor or be forfeited to the grantor, or words which would convey the same meaning. This deed has nothing of that sort in it. It does go on to say what this property shall be used for, and it goes on to say that it shall not be used for any other purpose than the purpose expressed in this deed. That is true, but there is not a word of forfeiture in this deed; there is not a word that this property shall revert to the grantor or to his heirs or assigns; and there is no question but what the grantor conveyed away all the title that he had, and the only way that he could get it back would be by a clause such as these two cases say must be in the deed before it can revert. Now because of that fact the court holds that the defendants in this case who claim the property are not entitled to it. It does not revert to them. It does not belong to them. They have no interest in it, because the interest was conveyed away by Lyman Turrel without this proviso which the Supreme Court says is imperative before the title can revert. So the court holds that the defendants have no interest whatever in this property, and as far as their cross-petition is concerned it is dismissed.

The question now arises what the court should do in reference to the petition in this case. The petition asks that the title be quieted as against the claim of these defendants. That the court will do, because the court finds that they have no interest in the property, and the court will grant that request and the title will be quieted so far as the defendants are concerned.

There is one other question and that is as to whether or not these parties can use that property for any other purpose than the purpose expressed in the deed. It was stated that the

board of education was seeking to sell this property or to use it for other purposes than the purpose for which the deed expresses. I am inclined to think, if I were to give an opinion, that the court would compel them to use the property for the purpose for which the deed says it must be used; but I do not decide that matter. That question may remain an open question so far as this case is concerned.

By Edward Kibler: This matter as to the consideration, the court did not mention. The fact that this was only a one cent consideration—would that make any difference?

The Court: I do not think so, in this case. It was argued that it was a one cent consideration, and that that being so, that it was without value, and that, being without value, that it would make a different rule of law applicable to the case. That was argued in this case to the court, and in the briefs. But while that might be so—that a one cent consideration would not be called a valuable consideration—there were other considerations which did take place at that time which might be considered valuable considerations. For instance: This man owned this property. They wanted a school established there, and they wanted a schoolhouse built and provisions made for a school, and they made the deed upon that consideration; the board of education went to work and they spent their money and established a school there and built a schoolhouse and kept a school there for a great number of years. I do not think that that cuts any figure in this case, but if it did, I believe that this court would hold that that was a valuable consideration, because the board of education expended money in that matter in such a way as to make them owners of this land for a valuable consideration.